IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-03516-WJM-SKC

MARTHA MUTHONI,

    Plaintiff,

V.

LITTLETON ADVENTIST HOSPITAL,
d/b/a PORTERCARE ADVENTIST HEALTH SYSTEM,

    Defendant.

---

**RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS [#14]**

---

This Recommendation addresses Defendant PorterCare Adventist Health System d/b/a Littleton Adventist Hospital's ("Defendant") Motion to Dismiss ("Motion") [#14].[1] The Motion was referred to the magistrate judge for a recommendation. [#16.] The Court has considered the Motion, the Response [#20], the Reply [#26], Defendants' Correction of Non-Material Statement in Motion to Dismiss [#18], and the prevailing law, and concludes that a hearing is not necessary. For the following reasons, the Court RECOMMENDS the Motion be GRANTED.

**Summary for the Pro Se Party**

This Court concludes that Martha Muthoni's ("Muthoni") Title VII claim(s) asserted herein arise out of the same transaction—*i.e.*, the employment relationship between Muthoni and Defendant—involved in Muthoni's earlier state court action against

---

[1] The Court uses "[#__]" to refer to docket entries in CM/ECF.

1

Defendant. Therefore, this Court is recommending that the doctrine of *res judicata* applies to preclude Muthoni's claims from now being asserted in federal district court. Consequently, this Court is recommending Defendant's Motion to Dismiss be granted. The parties have 14 days after service of this Recommendation to file specific written objections to the Recommendation with District Judge Martinez for his review. Judge Martinez may either partially or fully adopt this Recommendation, or partially or fully reject it, and issue an order based on his own findings and conclusions. Should Judge Martinez adopt this recommendation, Muthoni's claims will be dismissed.

**A. BACKGROUND**

According to the allegations in the Complaint, which this Court takes as true for purposes of the Motion, Muthoni is of African descent and was employed as a respiratory therapist at Defendant Littleton Adventist Hospital. [#1.] She requested a transfer to the day shift; however, the position was given to a white individual instead. [*Id.* at p.3.]

In January 2018, Muthoni caught a white co-worker sleeping on the job and took pictures of the co-worker to show to her manager. [*Id.* at p.4.] When her co-worker was confronted about sleeping during his shift, he accused Muthoni of sexually assaulting him. [*Id.*] Although Muthoni was suspended during the investigation into her co-worker's allegations, her co-worker was permitted to continue working. Muthoni was ultimately fired from her position when the co-worker's friend corroborated his story. [*Id.*]

After her discharge, Muthoni hired an attorney who filed a complaint in Arapahoe County Court ("State Court Action") asserting that Defendant owed her $5,000 for "failing to produce a copy of the Plaintiff's Employment and Personnel File upon request by Plaintiff after alleging certain employment misconduct by the Plaintiff which resulted in

2

termination of the Plaintiff from her employment with the Defendant." [#14-2 at p.1.][2] In that case, Defendant filed a motion to dismiss arguing that Muthoni had failed to state a claim because Colo. Rev. Stat. § 8-2-129 did not create a private cause of action. [#14-3 at p.2.] In her Response, Muthoni argued she was seeking relief to which she was entitled under § 8-2-129, "together with the damages incurred by the Plaintiff from her wrongful discharge and termination of employment." [#14-4 at p.3.] Muthoni further stated that she would potentially need to amend her complaint "to include claims of defamation and such other claims that are appropriate as a result of the Defendant's actions." [*Id.* at p.4.] But Muthoni never amended her complaint in the State Court Action. On July 25, 2018, State County Court Judge Michael J. Roche granted Defendant's motion to dismiss finding that § 8-2-129 did not create a private cause of action. [#14-5 at p.1.]

On December 7, 2018, Muthoni filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging retaliation and discrimination based on race, color, sex, and national origin. [#1-1 at p.2.] The EEOC issued a Dismissal and Notice of Rights on September 13, 2019. [*Id.* at p.1.] Muthoni then filed this case *pro se* on December 12, 2019, asserting various discrimination claims pursuant to Title VII of the Civil Rights Act of 1964. [#1.]

---

[2] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). These include matters of public record and state court documents. *See Tal*, 453 F.3d at 1264 n.24; *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (the district court was correct in considering the materials in the state court file).

## B. STANDARD OF REVIEW

**1.   Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678 (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id*. Facts that are "merely consistent" with a defendant's liability are insufficient. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

**2.    *Pro Se* Parties**

The Court acknowledges that Muthoni is not an attorney. Consequently, her pleadings and other papers are construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[I]f the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

But the Court cannot act as a *pro se* litigant's advocate. *Id.* It is the *pro se* plaintiff's responsibility to provide a simple and concise statement of their claims and the specific conduct that gives rise to them. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998). The Court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting matters that were not pleaded. *Associated Gen.*

5

*Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). At the end of the day, *pro se* plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### C. ANALYSIS

Defendant contends that claim preclusion bars Muthoni's Complaint because she seeks to litigate claims she could have brought in the State Court Action. Muthoni argues that preclusion does not apply because the claims in this case are different from those asserted in the State Court Action. [#20 at p.2.]

Res judicata or claim preclusion "precludes the parties or their privies from relitigating issues that were <u>or could have been raised</u> in the prior action." *Wilkes v. Wyo. Dept. of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal quotation marks and citation omitted) (emphasis added). Federal courts are required to give the same preclusive effect to state court judgments that would be afforded to those prior judgments by other courts in that state. *Keller v. Davidson*, 299 F. Supp.2d 1171, 1181 (D. Colo. 2004). Claim preclusion requires that four elements be satisfied: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity to litigate the claim in the prior suit. *Johnson v. Dep't of Veterans Affairs*, 611 F. App'x 496, 497 (10th Cir. 2015).

**1.    Final Judgment on the Merits**

"The rules of res judicata are applicable only when a final judgment is rendered." *Carpenter v. Young*, 773 P.2d 561, 567 (Colo. 1989) (quoting Second Restatement). In order to satisfy the final judgment requirement, "a judgment must be 'sufficiently firm' in

6

the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review." *Id.* at 568; *see also Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005) ("[p]ronouncing a judgment to be final while it is still pending on appeal would negate" the requirement that the parties have an opportunity for review); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4433 (1981) ("Substantial difficulties result from the rule that a final trial-court judgment operates as res judicata while an appeal is pending. The major problem is that a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed.").

Motions filed pursuant to Colo. R. Civ. P. 12(b)(5)[3] for failure to state a claim "result in a determination on the merits at an early stage of plaintiff's case." *Tidwell ex rel. Tidwell v. City & Cty. Of Denver*, 83 P.3d 75, 86 (Colo. 2003). Dismissal under Colo. R. Civ. P 12(b)(5) is dismissal on the merits and is tantamount to a final judgment on the merits. *See Pohl v. US Bank*, No. 14-cv-02292-PAB-MJW, 2016 WL 1178278, at *6-7 (D. Colo. Mar. 28, 2016) (holding claim preclusion applied where a state court's prior dismissal for failure to state a claim under Colo. R. Civ. P. 12(b)(5) constituted a decision on the merits), *aff'd*, 859 F.3d 1226 (10th Cir. 2017).

Muthoni's State Court Action was dismissed for failure to state a claim. [#14-5.] Although the state court did not express whether the dismissal was with or without prejudice, the order operates as a judgment on the merits. *People v. D.A.K.*, 596 P.2d 747, 749 (Colo. 1979) ("the court fails to state expressly that a dismissal is without prejudice, it operates as a dismissal with prejudice and an adjudication upon the merits

---

[3] Defendant's motion in the State Court Action was filed pursuant to Colo. R. Civ. P. 312(b), which is the analogous Colorado County Court rule.

7

of the petition then before the court."). Furthermore, Muthoni did not appeal the dismissal. For these reasons the Court recommends finding that the state court's judgment is final and the first element of claim preclusion is met. *Rantz*, 109 P.3d at 141.

**2.     Identity of the Parties**

Claim preclusion "is applicable only to parties to the first suit or their privies." *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993). It is undisputed that the parties in the State Court Action are the same as those here. [*Compare* #1 *with* #14-2.] Thus, Court recommends finding this element is satisfied.

**3.     Identity of the Cause of Action**

With respect to the third element, the Colorado Supreme Court has held that "[t]he best and most accurate test as to whether a former judgment is a bar in subsequent proceedings . . . is whether the same evidence would sustain both, and if it would the two actions are the same, and this is true, although the two actions are different in form." *Foster v. Plock*, 394 P.3d 1119,1127 (Colo. 2017) (quoting *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 203 (Colo. 1999)). But claim preclusion also "bars claims to enforce remedies which the plaintiff could have, but did not, seek in the former action." *Benson v. Town of Nunn, Colo.*, 52 F. Supp. 2d 1210, 1213 (D. Colo. 1999). Thus, parties cannot defeat claim preclusion simply by alleging new legal theories. *Id*.

The Tenth Circuit follows the transactional approach of the Restatement (Second) of Judgments to examine the identity of the causes of action in both lawsuits for claim preclusion purposes. *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d

8

1329, 1335 (10th Cir. 1988). The transactional approach provides that a final judgment extinguishes:

> all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose . . . . What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.

*Id.* (quoting Restatement (Second) of Judgments § 24). "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Wilkes*, 314 F.3d at 505 (quoting *Nwosun v. General Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)). In employment cases, for example, the Tenth Circuit "repeatedly has held that all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Haynes v. Kansas*, 261 F. App'x 87, 89 (10th Cir. 2008) (citing *Wilkes*, 314 F.3d at 504).

Here, the Court finds that Muthoni's claims in this case arise out of the same transaction as the State Court Action, namely, her employment relationship with Defendant. Even further, however, both cases arise from the specific transaction of Muthoni's employment termination. In the State Court Action, Muthoni availed herself of the provision of Colorado law which allows a former employee to make one inspection of her personnel file "after termination of employment." Colo. Rev. Stat. § 8-2-129(1). [*See* #14-4 at p.2 (Muthoni's state court response stating she requested her personnel file on March 13, 2018, nearly one month after her discharge).] At least some of her Title VII

9

claims here allege a discriminatory (and possibility a retaliatory) discharge. [*See generally* #1.]

Also, when responding to the motion to dismiss in the State Court Action, Muthoni referred to "damages incurred by the Plaintiff from her wrongful discharge and termination of employment[;]" she argued "the Plaintiff will potentially need to amend her original Complaint to include claims of defamation and such other claims that are appropriate as a result of the Defendant's actions[;]" and she asked the Court to "allow the Plaintiff to supplement or amend her Complaint as appropriate[.]" [#14-4 at pp.3-4.] Although she ultimately never moved to amend her complaint, these statements by Muthoni in her pleadings filed in state court effectively concede she could have brought her current claims in the State Court Action. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) ("We have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims.") (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982) (state-court decisions may have preclusive effect in Title VII cases before federal courts)).

The fact Muthoni had not yet filed her EEOC charge or received her right-to-sue letter does not foreclose a finding that she is now precluded from bringing her Title VII claims. In *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, the Tenth Circuit specifically concluded that lacking a right-to-sue letter from the EEOC was not an exception to the general rules of claim preclusion. 314 F.3d at 506. In *Wilkes*, the plaintiff argued that claim preclusion could not bar her Title VII claims because she was statutorily prohibited from filing her claims until she received a right-to-sue letter. *Id.* at 505. The Tenth Circuit rejected this argument, noting that the plaintiff could have requested her

letter from the EEOC, or alternatively, she could have requested a stay in the district court until the completion of the EEOC administrative process. *Id.* at 506.

That reasoning is applicable here. "One major function of claim preclusion . . . is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006) (citing 18 Federal Practice and Procedure § 4408). It is clear from the record and Muthoni's judicial admissions in the State Court Action that she perceived other claims against Defendant arising from her employment with, and discharge from, Defendant. As Defendant points out, Muthoni could have done a number of things, such as: sought a stay in state court to pursue her administrative remedies; sought an agreement with Defendant to split her Title VII claims from those asserted in state court; or delayed filing of her state court action until she exhausted her administrative remedies (and sought a tolling agreement if necessary). But Muthoni took none of these actions.

The underlying facts of Muthoni's present claims are related in time, space, origin, and motivation to her State Court Action as they are all predicated on her employment relationship with—and ultimate termination from—Defendant. Allowing Muthoni to pursue the Title VII claims in federal court now would invite "precisely the sort of piecemeal litigation, unnecessary expense, and waste of judicial resources that the doctrine of res judicata is designed to prevent." *Clark v. Haas Grp.*, Inc., 953 F.2d 1235, 1240 (10th Cir. 1992) (plaintiff's Equal Pay Act and Age Discrimination in Employment Act claims against former employer were precluded when a prior Fair Labor Standards Act action against that employer had been dismissed) (citation omitted). Consequently, the Court recommends finding the third prong of the analysis is satisfied.

### 4. Full and Fair Opportunity to Litigate

The final element of the claim preclusion inquiry focuses "on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Salguero v. City of Clovis*, 366 F.3d 1168, 1174 (10th Cir. 2004) (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 689 (10th Cir. 1992)). "State proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982).

Here, the Court recommends finding that Muthoni was given a full and fair opportunity to litigate her claims. Muthoni was represented by counsel in the State Court Action and "as far as the Court is aware, the procedures available in the Arapahoe County Court are substantially similar to those available in this federal proceeding." *Toney v. Keil*, No. 13-cv-03386-CMA-MJW, 2014 WL 4800275, at *8 (D. Colo. Sept. 26, 2014); *see also* Colo. Rev. Stat § 13-6-104 ("the county court shall have concurrent original jurisdiction with the district court in civil actions"); Colo. R. Civ. P. 301, *et seq.* (rules of civil procedure applicable in Colorado county court).

Muthoni's attorney in the State Court Action acknowledged the possibility of other claims and stated that Muthoni wished to amend her complaint; but despite the opportunity to do so, she never did. In addition, Muthoni filed a response in opposition to Defendant's motion to dismiss, and thus was given a full and fair opportunity to be heard on the issues. [#14-4.] After Defendant filed its motion to dismiss in state court, Muthoni

could have amended her complaint as of right to add the other claims she vaguely referred to in her responsive pleading, and yet she did not. *See Fladung v. City of Boulder*, 438 P.2d 688, 690 (Colo. 1968) (where the defendant files a motion to dismiss without an answer, the plaintiff is entitled to amend her complaint as a matter of right). Nor did Muthoni appeal the state court order dismissing her case; she instead filed the instant action. For these reasons, the Court recommends finding that the fourth element is satisfied.

\* \* \*

For the foregoing reasons, the Court RECOMMENDS finding that Muthoni's claims in this action are barred by the doctrine of *res judicata* because they arise from the same transaction which formed the basis of the State Court Action. Thus, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and Muthoni's claims be DISMISSED WITH PREJUDICE.

DATED: May 27, 2020.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within**

**fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, and waives appellate review of both factual and legal questions.** *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985); *Makin v. Colorado Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).