**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-3516-WJM-SKC

MARTHA MUTHONI,

     Plaintiff,

v.

LITTLETON ADVENTIST HOSPITAL,
d/b/a PORTERCARE ADVENTIST HEALTH SYSTEM,

     Defendant.

**ORDER ACCEPTING AS MODIFIED THE RECOMMENDATION OF
MAGISTRATE JUDGE GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Martha Muthoni brings this *pro se* employment discrimination action against Defendant Littleton Adventist Hospital, d/b/a Portercare Adventist Health System ("Littleton Adventist Hospital") following her termination from Littleton Adventist Hospital. (ECF No. 1.)

This matter is before the Court on United States Magistrate Judge S. Kato Crews's Report and Recommendation, dated May 27, 2020 ("Recommendation") (ECF No. 28), which recommends that the Court grant Defendant's Motion to Dismiss ("Motion to Dismiss") (ECF No. 14). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed an objection to the Recommendation ("Objection") on June 9, 2020. (ECF No. 29.)

**I. RULE 72(b) STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.  BACKGROUND

The following factual summary is drawn from Plaintiff's Complaint (ECF No. 1), except where otherwise stated. The Court assumes the allegations contained in the Complaint to be true for the purpose of deciding the Motion to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

1.  Plaintiff's Allegations

Plaintiff, a female of Kenyan descent, was employed as a registered respiratory therapist at Littleton Adventist Hospital. (ECF No. 1 at 3.) As the only person of African descent in the respiratory department, Plaintiff alleges that she was treated differently from her counterparts in multiple ways. For example, she requested to be transferred to a day shift position; however, Littleton Adventist Hospital hired a white worker for the position instead. (*Id.*)

In January 2018, Plaintiff caught and took a picture of her white male co-worker

sleeping at work.  (*Id.* at 4.)  After Plaintiff showed the picture to her manager, the co-worker was reported to Human Resources ("HR").  (*Id.*)  When the co-worker was confronted by HR, he alleged that Plaintiff had assaulted him. (*Id.*)  Although the co-worker was allowed to continue working, Plaintiff was suspended during the investigation of the allegations against her, and she was not compensated for the days she was not allowed to work.  (*Id.*)  After the co-worker's best friend corroborated the assault allegations, Plaintiff was terminated.  (*Id.*)

      2.      <u>The State Court Action</u>

After she was terminated, Plaintiff hired an attorney who filed a lawsuit against Littleton Adventist Hospital on June 19, 2018 in Arapahoe County Court ("State Court Action").  (ECF No. 14-2.)  In the State Court Action, Plaintiff demanded that Littleton Adventist Hospital pay her $5,000 for "failing to produce a copy of [her] Employment and Personnel File upon request by the Plaintiff after alleging certain misconduct by the Plaintiff which resulted in termination of the Plaintiff from her employment with the Defendant."  (*Id.* at ¶ 4.)

Littleton Adventist Hospital moved to dismiss the State Court Action on July 17, 2018, arguing that the statute cited by Plaintiff to obtain her personnel file—Colo. Rev. Stat. § 8-2-129—did not create a private right of action.  (ECF No. 14-3 at 2.)  In response, Plaintiff argued that she was "seeking the relief that she is entitled to pursuant to [Colo. Rev. Stat. § 8-2-129] together with the damages incurred by the Plaintiff from her wrongful discharge and termination of employment."  (ECF No. 14-4 at 3.)  She further claimed that without her personnel file, she was "unable to determine

what additional claims can be pled [ ] against [Littleton Adventist Hospital] for her unlawful termination from [Littleton Adventist Hospital's] employ." (*Id.*)  She contemplated that she would "potentially need to amend her original Complaint to include claims of defamation and such other claims that are appropriate as a result of [Littleton Adventist Hospital's] actions." (*Id.* at 4.)

On July 25, 2018, Arapahoe County Court Judge Michael J. Roche dismissed Plaintiff's complaint in the State Court Action, finding that Colo. Rev. Stat. § 8-2-129 "expressly and unequivocally prohibits an employee or former employee from bringing a private suit arising out of an employer's failure or refusal to permit an employee to inspect her personnel file." (ECF No. 14-5 at 1.)

      3.      Plaintiff's EEOC Claim & Federal Action

On December 7, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Littleton Adventist Hospital. (ECF No. 1-1 at 2.)  In her EEOC Charge, she alleges that she was retaliated and discriminated against based on her race, color, sex, and national origin. (*Id.*)  The EEOC issued a Dismissal and Notice of Rights on September 13, 2019, finding that it is "unable to conclude that the information obtained establishes violations of the statutes." (ECF No. 1-1 at 1.)

On December 12, 2019, Plaintiff filed this *pro se* action, asserting various theories of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, relating to her termination. (ECF No. 1.)

4

### III. MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." A "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. Thus, in ruling on a motion to dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.").

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Plaintiff proceeds *pro se*, her pleadings are construed liberally and are "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court cannot, however, act as the *pro se* litigant's advocate. *Id.* The end result is that *pro se* plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## IV.  ANALYSIS

Res judicata, or claim preclusion, "precludes the parties or their privies from relitigating issues that were or *could have been raised* in [a] prior action." *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).

Littleton Adventist Hospital argues that Plaintiff's claims are barred by res judicata because she seeks to litigate claims that could have been brought in the State Court Action. (ECF No. 14 at 5–8.) Plaintiff argues that her claims are not barred because she has alleged different claims in this lawsuit than in the State Court Action. (ECF No. 20 at 2.)

6

Applying Tenth Circuit case law, Judge Crews determined that Plaintiff's claims in this action are barred by the doctrine of res judicata because they arise from the same transaction which formed the basis of the State Court Action. (ECF No. 28 at 13.) For that reason, he recommended that the Court grant Littleton Adventist Hospital's Motion to Dismiss and dismiss Plaintiff's claims with prejudice. (*Id.*) Plaintiff objects to Magistrate Judge's conclusion. (ECF No. 29.)

1.  Whether Federal or State Res Judicata Law Applies

As an initial matter, the Court must decide whether it should apply federal law or Colorado law to determine whether Plaintiff is precluded from bringing this action in light of the State Court Action. The parties and Judge Crews applied the Tenth Circuit's standard for res judicata. (*See* ECF Nos. 14 at 5; ECF No. 28 at 6.)

The Supreme Court has recognized that "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit is generally determined by the full faith and credit statute [28 U.S.C. § 1738]." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under § 1738, state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." This statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese*, 470 U.S. at 380; *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481–82 (1982) (recognizing that § 1738 "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments" but rather "goes beyond the common law and commands a federal court to accept the rules chosen by

the State from which the judgment is taken"); *Gale v. City & Cnty. of Denver*, 923 F.3d 1254, 1255 (10th Cir. 2019) ("Colorado preclusion law applies because [defendant] asserted the preclusive effect of a judgment rendered by a Colorado court."); *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (same).

In this action, Littleton Adventist Hospital asserts that a judgment rendered by a Colorado court has a preclusive effect on the present litigation. Accordingly, the Court will apply Colorado res judicata law.

Under Colorado law, the doctrine of res judicata or claim preclusion applies when four elements are met:

> (1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another.[1]

*Gale v. City & Cnty. of Denver*, — P.3d —, 2020 WL 989623, at *3 (Colo. Mar. 2, 2020).

2.  <u>Whether the State Court Action Ended with a Judgment on the Merits</u>

The first element of res judicata requires a party to establish that a "judgment in the prior proceeding was final." *Id.* The Court finds that this element is satisfied because the State Court Action was dismissed on a motion to dismiss for failure to state a claim.[2] (ECF No. 14-5 at 1.) This dismissal resulted in a judgment on the

---

[1] By comparison, the doctrine for res judicata in the Tenth Circuit requires proof that (1) the first suit proceeded to a final judgment on the merits; (2) the parties are identical or in privity; and (3) the suits are based on the same cause of action. *See Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1236 (10th Cir. 1992).

[2] The Court takes judicial notice of the order in the State Court Action, which is a matter of public record. *See Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (recognizing that courts may "take judicial notice on its own files and records, as well as facts which are a matter of public record"); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (stating that a court

merits. *Tidwell ex rel. Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 86 (Colo. 2003) (en banc) (recognizing that dismissal for failure to state a claim "results in a determination on the merits in an early stage of plaintiff's case"); *Pohl v. U.S. Bank*, 2016 WL 1178278, at *6–7 (D. Colo. Mar. 28, 2016) (holding claim preclusion applied where a state court's prior dismissal for failure to state a claim under Colo. R. Civ. P. 12(b)(5) constituted a decision on the merits), *aff'd*, 859 F.3d 1226 (10th Cir. 2017).

    2.    <u>Identical Subject Matter</u>

The second element of res judicata requires a showing that "the prior and current proceedings involved identical subject matter." *Gale*, 2020 WL 989623, at *3. The Colorado Supreme Court has clarified "[t]he best and most accurate test as to whether a former judgment is a bar in subsequent proceedings . . . is whether the same evidence would sustain both, and if it would the two actions are the same, and this is true, although the two actions are different in form." *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 203 (Colo. 1999) (en banc). Thus, "identity of subject matter can be evaluated by determining whether the same evidence would be used to prove the claims, even if the actions are different." *Foster v. Plock*, 394 P.3d 1119, 1127 (Colo. 2017); *see Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608–09 (Colo. 2005) (holding that same parcel of land and same agreement as the prior litigation sufficient for identity of subject matter).

In her objection, Plaintiff contends that the facts at issue in this action and the State Court Action "are not similar." (ECF No. 29.) She explains that in the State Court

---

can take judicial notice of facts that are matters of public record without converting to a motion for summary judgment).

Action, she only sought "personal and employment records aris[ing] out of [her] employment," whereas the present action is a "discrimination case." (*Id.*) The Court disagrees.

In the State Court Action, Plaintiff sued Littleton Adventist Hospital following its failure to produce a copy of her Personnel File "upon request by the Plaintiff after alleging certain misconduct by the Plaintiff which resulted in termination of the Plaintiff from her employment with the Defendant." (ECF No. 14-2.) The statute she cited in support of her request allows a "former employee may make one inspection of his or her personnel file *after termination of employment*." Colo. Rev. Stat. § 8-2-129(1) (emphasis added). Thus, Plaintiff's termination is directly relevant to the State Court Action. She also places her alleged misconduct at issue in the State Court Action. (ECF No. 14-4 at 3 ("Plaintiff is simply seeking the relief that she is entitled to pursuant to [Colo. Rev. Stat.] § 8-2-129 together with the damages incurred by the Plaintiff from her wrongful discharge and termination of employment.").) Likewise, in the present action, the circumstances of Plaintiff's termination are directly relevant to proving her employment discrimination claims.

The Court therefore finds that the prior and current proceedings involved identical subject matter.

3. Identical Claims

The third element of res judicata requires a showing that "the prior and current proceedings involved identical claims for relief." *Gale*, 2020 WL 989623, at *3. This element requires courts to determine "whether the claim at issue in the second proceeding is the same claim that was *(or could have been)* brought in the first

10

proceeding." *Foster*, 394 P.3d at 1127 (emphasis added).  Colorado courts "disregard the form of the action and instead look at the actual injury underlying the first proceeding" using a transactional analysis to determine whether the claims "seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis."  *Id.* (internal quotation marks omitted).  This inquiry "does not focus on the specific claim asserted or the name given to the claim.  Instead, the same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies." *Argus Real Estate, Inc.*, 109 P.3d at 608–09.  In effect, "claim preclusion also bars a litigant from splitting claims into separate actions because once judgment is entered in an action it 'extinguishes the plaintiff's claim . . . includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Id.* (quoting *Restatement (Second) of Judgments* § 24 (1982)).

Plaintiff objects that res judicata should not apply because her cases "are not based on [the] same cause[s] of action" and serve different purposes.  (ECF No. 29 at 1.)

Plaintiff is undoubtedly correct that the purposes of her actions were different.  However, at bottom, the actual injury underlying both lawsuits is Plaintiff's termination.  In the State Court Action, Plaintiff sought her employment file after Littleton Adventist Hospital alleged that Plaintiff had engaged in misconduct which resulted in her termination.  (ECF No. 14-2.)  In the present action, Plaintiff brings employment

discrimination claims relating to, among other things, her termination.  (ECF No. 1 at 4.)

Nothing prevented Plaintiff from bringing her employment discrimination claims in the State Court Action.[3]  *See Foster*, 394 P.3d at 1127; *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) ("We have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims."). Indeed, she even contemplated amending her complaint in the State Court Action to add additional claims relating to her termination.  (ECF No. 14-2 at 3 (alleging that she was "wrongful[ly] discharge[d]" from her employment); *id.* at 4 (recognizing that she would "potentially need to amend her original Complaint to include claims of defamation and such other claims that are appropriate as a result of [Littleton Adventist Hospital's] actions").)  Plaintiff's employment discrimination claims and her claim for her employment file both related to the same transaction, *i.e.*, Littleton Adventist Hospital's decision to terminate Plaintiff.  If the Court allowed Plaintiff to proceed in this action, she would effectively be splitting her claims into separate actions.

The Court therefore finds that the prior and current proceedings involved identical claims for relief.

4.      Identical Parties / Privity

It is undisputed that the present action and the State Court Action involve identical parties.

---

[3] The fact that Plaintiff had not received her EEOC right-to-sue letter at the time she initiated the State Court Action does not preclude a finding that res judicata applies.  In *Wilkes*, the Tenth Circuit recognized that claim preclusion applied even if a plaintiff had not received a right-to-sue letter from the EEOC at the time of the first lawsuit.  314 F.3d at 505.  Plaintiff could have sought a stay in the initial lawsuit until the EEOC completed its review, at which time she could have amended her complaint to add Title VII claims.  *See id.* at 505–06.

Accordingly, because each of the elements for res judicata are met, Plaintiff's claims in the present lawsuit are barred as a matter of law. Her claims therefore must be dismissed with prejudice.

\* \* \*

The Court pauses here to make one final observation. In her objection, Plaintiff argues that it is unfair that she is unable to pursue her employment discrimination claims because she filed a previous action to obtain her employment file. (ECF No. 29 at 1.) The undersigned agrees. The result here is harsh, and in a significant way it runs counter to the interest of justice. Still, although Plaintiff proceeds *pro se* today, she was represented by counsel in the State Court Action. This counsel should have been aware of the potential adverse consequences of not bringing all of Plaintiff's claims in that single action.

Nonetheless, because today's result is mandated by Colorado law, authority which clearly prohibits a plaintiff from splitting her claims among separate cases, the Court must reluctantly dismiss Plaintiff's claims with prejudice.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 28) is ACCEPTED AS MODIFIED;
2. Plaintiff's Objection to Recommendation of United States Magistrate Judge (ECF No. 29) is OVERRULED;
3. Defendant's Motion to Dismiss (ECF No. 14) is GRANTED;
4. Plaintiff's claims, and this action, are DISMISSED WITH PREJUDICE;


Accordingly, because each of the elements for res judicata are met, Plaintiff's claims in the present lawsuit are barred as a matter of law. Her claims therefore must be dismissed with prejudice.

\* \* \*

The Court pauses here to make one final observation. In her objection, Plaintiff argues that it is unfair that she is unable to pursue her employment discrimination claims because she filed a previous action to obtain her employment file. (ECF No. 29 at 1.) The undersigned agrees. The result here is harsh, and in a significant way it runs counter to the interest of justice. Still, although Plaintiff proceeds *pro se* today, she was represented by counsel in the State Court Action. This counsel should have been aware of the potential adverse consequences of not bringing all of Plaintiff's claims in that single action.

Nonetheless, because today's result is mandated by Colorado law, authority which clearly prohibits a plaintiff from splitting her claims among separate cases, the Court must reluctantly dismiss Plaintiff's claims with prejudice.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 28) is ACCEPTED AS MODIFIED;
2. Plaintiff's Objection to Recommendation of United States Magistrate Judge (ECF No. 29) is OVERRULED;
3. Defendant's Motion to Dismiss (ECF No. 14) is GRANTED;
4. Plaintiff's claims, and this action, are DISMISSED WITH PREJUDICE;

5. The Clerk shall enter judgment in favor of Defendant and against Plaintiff and shall terminate this case; and

6. Each party shall bear her or its own costs.

Dated this 4th day of September, 2020.

BY THE COURT:

William J. Martínez
United States District Judge